FILED
U.S. DISTRICT COURT
SAVANNAH DIV.
2011 JAN 31 PM 2: 38
CLERK _Mah_
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RICKY SMITH, | ) | CASE NO. CR510-022 |
| | ) | |
| Defendant. | ) | |
| | ) | |

## O R D E R

Before the Court is the Magistrate Judge's Report and
Recommendation (Doc. 28), to which no objections have been
filed. Defendant has filed a Motion to Suppress Evidence and
Statements (Doc. 18), in which he claims that his consent for an
officer to enter his home and obtain certain items was
involuntary and, therefore, that this evidence should not be
introduced at trial. After a careful de novo review, the Court
concurs with the report and recommendation, which is **ADOPTED AS
SUPPLEMENTED** and is the order of this Court. Defendant's motion
(Doc. 18) is **DENIED**.

Foremost, the Magistrate Judge held an evidentiary hearing
in this case to make credibility determinations as to the
conflicting evidence in this case. (Doc. 28 at 4 n.1.) The
Magistrate Judge expressly held that Defendant's testimony was
not credible and even provided specific instances of
contradictions between Defendant's various statements. (Id. at

4-5.) Therefore, this Court agrees with and sees no reason to disturb the Magistrate Judge's "finding that the government's witnesses were more credible than Defendant." See United States v. Figueroa, 2010 U.S. Dist. LEXIS 33099, at *17 (S.D. Fla. Apr. 5, 2010) (unpublished).

Second, a defendant is capable of waiving constitutional rights even when the circumstances under which that consent is given are not ideal. United States v. George, 987 F.2d 1428, 1430 (9th Cir. 1993) ("[A] defendant can voluntarily waive his Miranda rights even when he is in the hospital, on medication, and in pain."). The facts of this case appear relatively mild in comparison to other more extreme cases where consent to search granted by an impaired defendant has been deemed acceptable. See George, 987 F.2d 1428 (finding that defendant hospitalized for a drug overdose after carrying heroin balloons in his digestive tract provided valid consent to search his motel room even though Defendant did not stabilize until approximately four hours later); United States v. Gay, 774 F.2d 368 (10th Cir. 1985) (refusing to invalidate consent even where defendant staggered and swayed while walking, slurred his speech, and had bloodshot eyes, wrinkled clothes, and unkept hair).

Finally, the Court turns to the issue of the Miranda warning and consent to search. Even if the officer did not

Mirandize the Defendant prior to requesting consent to search, this fact does not require suppression of the evidence obtained. See <u>U.S. v. Renken</u>, 474 F.3d 984, 988 (7th Cir. 2007) (<u>citing</u> <u>United States v. Patane</u>, 542 U.S. 630, 641-42 (2004)). Instead, the "totality of the circumstances" analysis applies. The Court concludes that the Magistrate Judge has properly applied this test.

For the reasons above, the Court concurs with the report and recommendation, which is **ADOPTED AS SUPPLEMENTED** and is the order of this Court. Defendant's Motion to Suppress Evidence and Statements (Doc. 18) is **DENIED**.

SO ORDERED this *31ST* day of January 2011.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA