IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| RICKY SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. CV519-053 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**O R D E R**

Before the Court is the Magistrate Judge's May 24, 2022, Report and Recommendation (Doc. 34), to which Petitioner has filed objections (Doc. 35). For the reasons explained below, and after a careful review of the record, the report and recommendation (Doc. 34) is **ADOPTED** as the Court's opinion in this case.

**STANDARD OF REVIEW**

The Court reviews de novo a magistrate judge's findings to which a petitioner objects, and the Court reviews for clear error the portions of a report and recommendation to which a petitioner does not object. 28 U.S.C. § 636(b)(1); see Merchant v. Nationwide Recovery Serv., Inc., 440 F. Supp. 3d 1369, 1371 (N.D. Ga. 2020) (citing Macort v. Prem, Inc., 208 F. App'x 781, 784 (11th Cir. 2006) (per curiam) (outlining the standard of review for report and recommendations)).

**ANALYSIS**

The Magistrate Judge found that Petitioner's 28 U.S.C. § 2255 motion was untimely because Petitioner failed to raise his claims based on Johnson v. United States, 576 U.S. 591, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), within the one-year statute of limitation set by § 2255(f)(3).[1] (Doc. 34 at 8.) The Magistrate Judge then concluded that Petitioner was not entitled to equitable tolling of limitations period because he did not demonstrate either diligence in pursuing his Johnson claim or that an extraordinary circumstance prevented him from bringing the claim in a timely manner. (Id. at 12.) Finally, the Magistrate Judge determined that the Government's earlier misrepresentation of Petitioner's limitations period was merely an inadvertent misstatement of the law and, therefore, the Government was not judicially estopped from raising

---

[1] The Magistrate Judge correctly determined that the statute of limitations for claims based on Johnson, which was issued on June 26, 2015, expired on June 26, 2016. (Doc. 34 at 8 (citing Dodd v. United States, 545 U.S. 353, 358-59, 125 S. Ct. 2478, 2482, 162 L. Ed. 2d 343 (2005)).) However, the Magistrate Judge also indicated that Defendant's motion would be considered untimely even if the statute of limitations began on April 18, 2016, the date the Supreme Court issued Welch v. United States, 578 U.S. 120, 130, 136 S. Ct. 1257, 1265, 194 L. Ed. 2d 387 (2016), which made Johnson retroactively applicable to cases on collateral review. (Doc. 34 at 8.) For the sake of accuracy, the Court clarifies that June 26, 2016, a year from the date Johnson was issued, was the date that the statute of limitations expired for Defendant's Johnson claims. See Dodd, 545 U.S. at 358-59, 125 S. Ct. at 2482 (holding that § 2255(f)(3) statute of limitations runs from the date the Supreme Court decides a case recognizing a new right even if that right has not yet been made retroactively applicable to cases on collateral review).

2

a timeliness challenge. (Id. at 15.) Based on these findings, the Magistrate Judge recommended granting the Government's motion to dismiss and denying Petitioner's § 2255 motion. (Id. at 15-16.)

Petitioner does not object to the Magistrate Judge's finding that his § 2255 motion was untimely. (Doc. 35 at 6, 8.) Instead, Petitioner reiterates his arguments that he is entitled to equitable tolling and that the Government is judicially estopped from challenging the timeliness of his motion. (See, e.g., Doc. 35 at 7-8, 9-10; Doc. 7 at 5-17.)

Turning first to the issue of equitable tolling, Petitioner's objections are entirely focused on the diligence he showed in pursuing his Johnson claims after September 12, 2016, when he filed his first motion based on Johnson. (Doc. 35 at 7-8.) However, this motion was still filed over two months after June 26, 2016, deadline, and Petitioner has not demonstrated any extraordinary circumstance prevented him from making a timely filing, even if his actions do exhibit diligence after the expiration of limitations period. See Damren v. Florida, 776 F.3d 816, 821-22 (11th Cir. 2015) (per curiam) (finding petitioner was not entitled to equitable tolling even if he was diligent because he had not shown extraordinary circumstances prevented a timely filing). Accordingly, the Court agrees with the Magistrate Judge that petitioner is not entitled to equitable tolling.

3

Likewise, the Court rejects Petitioner's argument that the Government should be judicially estopped from challenging the timeliness of his § 2255 motion. Petitioner is correct that the Government misstated the timing of the statute of limitations in response to a motion to stay filed in Petitioner's criminal case. (Doc. 35 at 10.) However, as the Magistrate Judge highlighted, the Court took no position based on the Government's misstatement but, rather, denied Petitioner's motion to stay because there was not yet any § 2255 motion to stay. (Doc. 34 at 14-15.) Additionally, the Government gained no advantage by making this misstatement on February 1, 2019, because Petitioner's Johnson claims had already been untimely for over two years. Further, there is no indication that the Government's misstatement was "intended to make a mockery of the judicial system." See Slater v. United States Steel Corp., 871 F.3d 1174, 1181 (11th Cir. 2017). For these reasons, the Court concurs with the Magistrate Judge that judicial estoppel is not warranted in this case.

## CONCLUSION

Accordingly, the Court **OVERRULES** Petitioner's objections (Doc. 35) and **ADOPTS** the Magistrate Judge's Report and Recommendation (Doc. 34) as the Court's opinion in this case. The Court **GRANTS** the Government's Motion to Dismiss (Doc. 6) and **DENIES** Petitioner's Amended 28 U.S.C. § 2255 Motion (Doc. 3). The Clerk of Court is **DIRECTED** to close this case.

Applying the Certificate of Appealability (COA) standards set forth in <u>Brown v. United States</u>, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

SO ORDERED this 13th day of June 2022.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA